IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE ENRIQUE NUÑEZ, III,<br>    Plaintiff, | :<br>:<br>: |
| v. | :     CIVIL ACTION NO. 18-CV-4492 |
| | : |
| WARDEN JANINE QUIGELY, *et al.*,<br>    Defendants. | :<br>: |

## MEMORANDUM

MCHUGH, J.                                                                 NOVEMBER 19, 2018

*Pro se* Plaintiff Jose Enrique Nuñez, III, who is currently incarcerated in the Berks County Jail System, filed this civil action pursuant to 42 U.S.C. § 1983 against Warden Janine Quigley (misspelled "Quigely"), ICC Jessica Collins, Sgt. Roberts, C/O Butterworth, C/O Stephen Dew, and C/O Fetter. (ECF No. 1.) He has also filed two Motions for Leave to Proceed *In Forma Pauperis*. (ECF Nos. 4, 6.) For the following reasons, the Court will grant Nuñez leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend.

**I.     FACTS**

Nuñez alleges that as of October 1, 2018, he was being held in disciplinary segregation. (Compl. at 3.)[1] While confined there, he "filed a complaint concerning [his] living conditions of unsanitary confinement." (*Id.*) Nuñez alleges that his toilet and sink leak, that his walls have mold, and that there is "rust on the bunks which leaves [his] mattress with a[n] odor." (*Id.*) He also claims that the pipes that run inside his cell from the second tier to the first tier leak, and that inmates on the second tier throw urine down onto the first tier. (*Id.*) According to Nuñez, he requested cleaning supplies, but "officers either deny or ignore [him]," leaving him to smell

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

dried urine all the time.  (*Id.*)  Nuñez also alleges that he has no access to a computer or the law library, and that Jessica Collins, the "supervisor of treatment/ICC," has refused to make him copies and send him legal books.  (*Id.*)  He further asserts that while in disciplinary segregation, he was denied access to the phone as well as recreation, and could only shower twice a week.  (*Id.*)  Nuñez also receives cold meals three (3) times per day.  (*Id.*)  He asserts that Warden Quigley is "responsible for this claim/issue because she has been informed of the problems containing on the DELTA-UNIT [in] regards to the unsanitary living conditions . . . but [has] fail[ed] to correct them still that's called supervisor liability."  (*Id.*)

Nuñez further alleges that on August 18, 2018, while he was housed in the Mental Health Unit, he was removed from his cell by Officers Roberts, Fetter, Dew, and Butterworth.  (*Id.* at 3-4.)  Nuñez states that they are responsible for losing his property.  (*Id.*)  He claims that as of October 6, 2018, he was missing "3 regular postal envelopes, family pictures, datebook with [his] family and friends information inside it, court papers, court dates, [subpoenas], charges, criminal complaint, [and] affidavits" from several criminal cases.  (*Id.*)  Nuñez alleges that "nothing is being replaced."  (*Id.*)

As relief, Nuñez asks for the Court "to stop Berks County Jail System [from] feeding us inmate[s] cold meals."  (*Id.* at 6.)  He also asks for "proper access to law computer and [for] inmates in disciplinary status to visit and receive law books from the law library."  (*Id.*)  Nuñez also asks for the living conditions to be fixed, and requests $20,000.00 from each Defendant.  (*Id.*)

## II.     STANDARD OF REVIEW

The Court will grant Nuñez leave to proceed *in forma pauperis* because it appears that he

is not capable of paying the fees to commence this civil action.[2]  Accordingly, Nuñez's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "[M]ere conclusory statements do not suffice." *Id.*  As Nuñez is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  As discussed below, the Complaint fails to state a claim for relief at this time.

### A. Claims Regarding Conditions of Confinement

Nuñez first takes issue with various conditions in the disciplinary segregation unit.  At this time, however, his claims regarding those conditions do not rise to the level of a constitutional violation.

The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees.  *Hubbard v. Taylor (Hubbard I)*, 399 F.3d 150, 166 (3d Cir.

---

[2] However, because Nuñez is a prisoner, he will be obligated to pay the $350.00 filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

3

2005).  Because Nuñez's status during his incarceration is not clear from the Complaint, the Court will analyze the Complaint under both amendments.  To establish an Eighth Amendment violation based on the conditions of confinement, a prisoner must establish that prison officials' acts or omissions denied him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  He must also establish that the defendants acted with deliberate indifference.  *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  To establish a basis for a Fourteenth Amendment violation, a prisoner must establish that the conditions of confinement amount to punishment.  *Bell v. Wolfish*, 441 U.S. 520, 538 (1979).  That inquiry generally turns on whether the conditions have a purpose other than punishment and whether the conditions are excessive in relation to that purpose.  *See id.* at 538-39; *Hubbard I*, 399 F.3d at 158.

Nuñez first asserts that his rights were violated when he was housed in a cell with a leaking toilet, sink, and pipes, rusty bunks, and the smell of dried urine.  However, as unfortunate and inappropriate as such conditions may be, nothing in the Complaint suggests that these conditions either amounted to punishment or deprived him of any basic human need such as food, medical care, sanitation, or security.  *See Wilson v. Seiter*, 501 U.S. 294, 305 (1991) ("Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists."); *David v. Wetzel*, No. 1:16-CV-00823, 2016 WL 3551484, at *1-3 (M.D. Pa. June 30, 2016) (concluding that prisoner had not stated Eighth Amendment claim with respect to air vents covered in mold and leaking toilets); *Thomas v. SCI-Graterford*, No. 11-6799, 2014 WL 550555, at *5 (E.D. Pa. Feb. 12, 2014) (concluding that denial of cleaning supplies for a two-week period was not unconstitutional).

Nuñez also claims that while in disciplinary segregation, he was denied access to the phone, could only shower twice a week, and received cold meals three (3) times a day. These conditions, however, are not constitutional violations. *See Tapp v. Proto*, 404 F. App'x 563, 567 (3d Cir. 2010) (per curiam) (finding no constitutional violation where the prisoner was denied access to shower facilities two days each week); *Strauss v. Ray*, 221 F.3d 1336, 2000 WL 875690, at *2 (6th Cir. June 19, 2000) (concluding that being served cold meals does not amount to a constitutional deprivation); *Williams v. Delaware Cty. Bd. of Prison Inspectors*, No. 17-CV-4348, 2018 WL 3235788, at * (E.D. Pa. July 2, 2018) (noting that being deprived phone calls "with no other facts surrounding [the] alleged deprivation[] [is] not [a] 'sufficiently serious deprivation[]' resulting in the denial of 'the minimal civilized measure of life's necessities'"); *Duran v. Merline*, 923 F. Supp. 2d 702, 720 (D.N.J. 2013) (concluding that "[b]eing served cold meals for a 45-day period . . . is not 'punishment' under *Bell*").[3]

Finally, Nuñez asserts that he could not have recreation. It is important to note that Nuñez was in disciplinary segregation at the time. While "meaningful recreation 'is extremely important to the psychological and physical well-being of . . . inmates,'" *Peterkin v. Jeffes*, 855 F.2d 1021, 1031 (3d Cir. 1988) (quoting *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979)), nothing in the Complaint suggests that the lack of recreation time amounted to punishment or that it threatened Nuñez's health. *See French v. Owens*, 77 F.2d 1250, 1255 (7th Cir. 1985) (concluding that lack of exercise may rise to a constitutional violation only if the deprivation is such that "movement is denied [to such extent that] muscles are allowed to atrophy [and] the

---

[3] While pretrial detainees have a right of access to the courts, including telephone calls to counsel, under the First, Sixth, and Fourteenth Amendments, *see Randall v. Cty. of Berks*, No. 14-5091, 2015 WL 5027542, at *17 (E.D. Pa. Aug. 24, 2015), Nuñez does not state that he is a pretrial detainee and, in any event, fails to allege that being deprived phone calls impeded his access to an attorney or caused actual injury.

health of the individual is threatened"). Accordingly, the Court will dismiss Nuñez's claims regarding his conditions of confinement at this time.

B.  **Claims Regarding Access to Computer and Legal Materials**

Next, Nuñez claims that Jessica Collins refused to provide him access to a computer, copies, and legal materials while he was in disciplinary segregation. The Court understands Nuñez to be pursuing a claim under the First Amendment that he was denied access to the courts.

"A prisoner making an access-to-the-courts claim is required to show that the denial of access caused actual injury." *Jackson v. Whalen*, 568 F. App'x 85, 87 (3d Cir. 2014) (per curiam) (quoting *Lewis*, 518 U.S. at 350). In other words, a prisoner claiming that he was denied access to the courts must allege an injury traceable to the conditions of which he complains. *Diaz v. Holder*, 532 F. App'x 61, 63 (3d Cir. 2013) (per curiam) (affirming dismissal of denial of access claims where plaintiff failed to tie alleged deficiencies in library to harm in underlying action). In general, an actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). "[T]he underlying cause of action, . . . is an element that must be described in the complaint." *Id*. Here, Nuñez has alleged that he was deprived of legal materials, but he does not describe any injury suffered as a result. Accordingly, the Court will dismiss his access to the courts claim.

C.  **Claims Regarding Loss of Property**

Finally, Nuñez faults Sgt. Roberts and Officers Butterworth, Dew, and Fetter for losing several items of his property, including envelopes, pictures, and legal materials. The Court understands Nuñez to be raising a due process claim under the Fourteenth Amendment based on the destruction of his property. However, there is no basis for a due process claim because

6

Pennsylvania law provides Nuñez with an adequate state remedy. *See Spencer v. Bush*, 543 F. App'x 209, 213 (3d Cir. 2013) ("'[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.'" (quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984))); *Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (per curiam) (explaining that the Pennsylvania Tort Claims Act provides an adequate remedy for a willful deprivation of property); *Cohen v. Wagner*, No. 13-cv-674, 2014 WL 199909, at *7 (E.D. Pa. Jan. 16, 2014) (concluding that inmate in the Berks County Jail System could not maintain a due process claim based upon alleged destruction of religious property). Accordingly, Nuñez has not stated a basis for a due process claim.

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Nuñez leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, the Court will give Nuñez an opportunity to file an amended complaint in the event he can state a plausible basis for a constitutional claim. A separate Order follows.

**BY THE COURT:**

**/s/ Gerald Austin McHugh**
_____
**GERALD A. MCHUGH, J.**